IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN RE JAMES B. HOBI,           §
                               §  No. 171, 2024
       Respondent,             §
       Rule 55.1 In-House Counsel.    §

                    Submitted:  June 17, 2024
                    Decided:    June 25, 2024

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

*PER CURIAM:*

## **ORDER**

After consideration of the rule to show cause and the responses, it appears to the Court that:

(1)    On April 26, 2024, the Court ordered that James B. Hobi's authority to practice under Supreme Court Rule 55.1 be automatically suspended because he had failed to comply with the provisions of Rule 55.1. Namely, Hobi was not employed in Delaware as a lawyer working exclusively for a company whose business was not the practice of law or provision of legal services as required by Rule 55.1(a) and he had failed to notify the Court Clerk that there was a change in circumstances making him ineligible for limited practice as required by Rule 55.1(h)(1). The Court further ordered that Hobi show cause within thirty days why his Delaware Certificate of Limited Practice under Rule 55.1 should not be terminated and ineligible for

reinstatement except in accordance with Rule 22 of the Delaware Lawyers' Rules of Disciplinary Procedure.

(2)　In his subsequent filings with the Court, Hobi has purported to resign as Rule 55.1 in-house counsel. He asks to be eligible for reinstatement without being subject to Rule 22 of the Delaware Lawyers' Rules of Disciplinary Procedure, claiming that he did not understand the requirements of Rule 55.1.

(3)　Under Rule 55.1, "[a] lawyer admitted to the practice of law in a jurisdiction other than this state, of the United States, may apply for a Delaware Certificate of Limited Practice, which will allow the lawyer to practice law as in-house counsel in this state."[1] An eligible lawyer "must be employed in the state as a lawyer working exclusively for a for-profit or a non-profit corporation, association, or other organizational entity…the business of which is lawful and is other than the practice of law or the provision of legal services."[2]

(4)　To obtain his Certificate of Limited Practice, Hobi had to submit an application certifying that he was employed exclusively by an employer

---

[1] Supr. Ct. R. 55.1(a). *See also Hanson v. Morton*, 67 A.3d 437, 443 (Del. 2013) ("Delaware Supreme Court Rule 55.1 allows attorneys admitted in other jurisdictions to practice as inhouse corporate counsel in Delaware, with the caveat that such attorneys cannot appear in court.").

[2] Supr. Ct. R. 55.1(a).

whose business was other than the practice of law or the provision of legal services.[3] He also had to submit the affidavit of an officer of his employer identifying the employer's principal place of business in Delaware and certifying that Hobi was employed as in-house counsel and worked exclusively for the employer.[4]

(5)   After an attorney contacted the Office of Disciplinary Counsel ("ODC") in April 2024 to express concerns regarding Hobi's representation of a party in litigation pending in the United States District Court for the District of Columbia, ODC conducted an investigation. ODC determined, among other things, that Hobi's employer, Buchanan Enterprises, LLC, had provided the address of a Mail Express location in Middletown as its principal place of business in Delaware. In his response to the rule to show cause, Hobi describes the Middletown address as a mailing address and claims that there is access to "office suites used by other law firms, state companies and multi state companies in Wilmington."[5] It is unclear when this access was obtained or whether the office suites were ever used by Hobi or Buchanan. Hobi describes his work for Buchanan, an "emerging concept company planning

---

[3] *Id.* R. 55.1(b); Form 1.
[4] Supr. Ct. R. 55.1(b); Form 4.
[5] Response to Show Cause Order ¶ 1.

3

Veterans Housing," as "part time and hybrid," but does not explain what business he or Buchanan does in Delaware.[6]

(6) ODC also learned that Hobi used his Delaware Certificate of Limited Practice to obtain admission to the United States District and Bankruptcy Courts for the District of Columbia, which Hobi does not dispute. Nor does Hobi dispute that the website for American Law & Tax Counsel, PLLC describes Hobi as an attorney "[h]elping clients with Tax, Bankruptcy, Immigration, Federal Agency Compliance, Federal/National Bank Law, and Federal Employment Law" and includes testimonials from multiple clients (none of which are identified as Buchanan) about the legal services they received from Hobi and his firm.[7] Hobi admits that he has been representing clients other than Buchanan Enterprises in the District of Columbia federal courts.[8]

---

[6] Response ¶ 3.

[7] American Law & Tax Counsel, PLLC, https://amlawyer.us/; Strategic Legal Plans & Tax Optimization, https://amlawyer.us/testimonials-contact-info-1 (last visited June 24, 2024). Hobi claims that he has not joined a law firm, but the website testimonials repeatedly refer to Hobi and a firm.

[8] Response ¶¶ 1, 7. *See also In re Pe*, 2022 WL 4488183 (Bankr. D.C. Sept. 27, 2022) (listing Hobi as counsel for the debtor and individual defendant). Hobi describes his work for one client as "unpaid…that will only be paid on contingency." Response ¶ 7. According to the website, American Law & Tax Counsel, PLLC will accept various forms of payment, including credit and debit cards. American Law & Tax Counsel, PLLC, https://amlawyer.us/ (last visited June 24, 2024).

(7)  Despite representing clients in the District of Columbia and not exclusively providing legal services to Buchanan, Hobi failed to inform the Court that he was no longer eligible (assuming he ever was) to practice under Rule 55.1.  Hobi claims that he was "unaware that exclusivity extended to other jurisdictions" and "can find no clear language in the rules prohibiting work in another jurisdiction."[9]  In making this claim, Hobi ignores the plain text of Rule 55.1(a), which provides that "[i]n-house counsel who is eligible for this certificate *must be employed in the state as a lawyer working exclusively* for a for-profit or a non-profit" company,[10] and Rule 55.1(b)(3), which requires the lawyer's employer to attest that "the applicant *is employed as a lawyer to provide legal services exclusively to the Employer*."[11]  He also ignores the plain language of the forms he had to submit for permission to practice under Rule 55.1.[12]

(8)  Because the Supreme Court Rules do not define "exclusive" or "exclusively," ODC recommends that the Court consider dictionary

---

[9] Response at 1.
[10] Supr. Ct. R. 55.1(a) (emphasis added).
[11] *Id.* R. 55.1(b)(3) (emphasis added).
[12] Form 1 ("I certify that I am *employed exclusively as legal counsel for the [Full Name of Company or Business Entity]* whose business is other than the practice of law or the provision of legal services.") (emphasis added); Form 4 ("I certify that Applicant *works exclusively for [NAME OF COMPANY]* or one of more of its subsidiaries or affiliates whose business is other than the practice of law or the provision of legal services.") (emphasis added).

definitions to ascertain the plain meaning of those terms.[13] Black's Law Dictionary defines "exclusive" as "limited to a particular person, group, entity, or thing" and "unable to be true if something else is true."[14] Merriam-Webster defines "exclusive" as "excluding or having the power to exclude"[15] and "exclusively" as "in an exclusive manner: in a way limited to a single person, group, category, method, etc."[16] Collins defines "exclusively" as "used to refer to situations or activities that involve only the thing or things mentioned and nothing else."[17]

(9) Based on these definitions, there was simply no basis for Hobi to believe that he could be employed in Delaware as a lawyer working exclusively for Buchanan as required by Rule 55.1 while simultaneously providing legal services to individuals or entities other than Buchanan outside of Delaware. Nothing in Rule 55.1 allows an attorney to maintain a Delaware Certificate of Limited Practice based on his representation that he is employed

---

[13] Reply to James B. Hobi's Response to Rule to Show Cause Order ¶ 8 (citing *State of Delaware Dep't of Nat. Res. and Envir. Control v. McGinnis Auto & Mobile Home Salvage LLC*, 225 A.3d 1251, 1260–61 (Del. 2020) (Valihura, J. dissenting)).

[14] Exclusive, Black's Law Dictionary (11th ed. 2019).

[15] Exclusive, Merriam-Webster, https://www.merriam-webster.com/dictionary/exclusive (last visited June 24, 2024).

[16] Exclusively, Merriam-Webster, https://www.merriam-webster.com/dictionary/exclusively (last visited June 24, 2024).

[17] Exclusively, Collins, https://www.collinsdictionary.com/us/dictionary/english/exclusively (last visited June 24, 2024).

as a lawyer working exclusively for a company in Delaware that is not engaged in the practice of law, use that Certificate to obtain admission in another jurisdiction, and then engage in the practice of law for clients other than his Delaware employer in the other jurisdiction's courts.

(10)   Because the Court automatically suspended Hobi's authority to practice under Rule 55.1 before he purported to resign as in-house counsel, the Court declines to accept Hobi's resignation.  Hobi's Delaware Certificate of Limited Practice must be terminated.   The Court also declines Hobi's request that he be eligible for reinstatement without being subject to Rule 22 of the Delaware Lawyers' Rules of Disciplinary Procedure.  In suggesting that Rule 22 seems more appropriate for attorneys who have committed crimes, Hobi disregards the language of Rule 55.1.  Rule 55.1(i) provides that a lawyer whose authority to practice is suspended under (i)(2) (failure to comply with any provision of Rule 55.1) or (i)(3) (suspension or disbarment for disciplinary reasons in any jurisdiction or court the lawyer has been admitted to practice) may be eligible for reinstatement "in accordance with Rule 22." Under the circumstances, we find no reason to deviate from this language. Hobi shall be ineligible for reinstatement except in accordance with Rule 22 of the Delaware Lawyers' Rules of Disciplinary Procedure.

7

NOW, THEREFORE, IT IS ORDERED that Hobi's Delaware Certificate of Limited Practice is TERMINATED and Hobi is ineligible for reinstatement except in accordance with Rule 22 of the Delaware Lawyers' Rules of Disciplinary Procedure.